PW:CP/TLD/RW
F.# 2002R02474

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

     - against -

KENNETH MCGRIFF,
    also known as "Supreme,"
    "Preme," "Rick Coleman,"
    "Kevin Long," "John
    Simms" and "Lee Tuten,"
DENNIS CROSBY,
    also known as "Divine"
    and "Howbout,"
VICTOR WRIGHT,
    also known as
    "Vincent Taylor," and
    "Vicky Vale,"
NICOLE BROWN,
    also known as "Nicole
    Lawe," "Nicole Lowe" and
    "Nicole Spooner,"
IRVING LORENZO,
    also known as "Irv Gotti,"
CHRISOPHER LORENZO,
    also known as "Chris
    Gotti,"
MI RECORDS, INC.,
IG RECORDS, INC.,
RONALD ROBINSON,
    also known as "Gutta" and
    "Peoples,"
CYNTHIA BRENT,
    also known as "Cynthia
    Carr," and
VASH-TI PAYLOR,

        Defendants.

- - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 04-966 (S-1)(ERK)
(T. 18, U.S.C., §§
924(c)(1)(A)(iii),
1512(a)(1)(C), 1512(a)(3)(A),
1956(a)(1)(A)(i),
1956(a)(1)(B)(i), 1956(h),
1959(a)(1), 1959(a)(5),
1962(c), 1962(d), 1963, 982
2 and 3551 et seq.; T. 21,
U.S.C., §§ 848(a), 848(c),
846, 841(a)(1),
841(b)(1)(A)(i),
841(b)(1)(A)(ii)(II),
841(b)(1)(A)(iii),
841(b)(1)(B)(ii)(II),
841(b)(1)(C), 853(p) and
856(b); T. 31, U.S.C., §§
5324(a)(3) and 5324(d)(2))

THE GRAND JURY CHARGES:

## INTRODUCTION TO ALL COUNTS

At all times relevant to this Superseding Indictment, unless otherwise indicated:

### The Enterprise

1. The defendants KENNETH MCGRIFF, also known as "Supreme," "Preme," "Rick Coleman," "Kevin Long," "John Simms" and "Lee Tuten," DENNIS CROSBY, also known as "Divine" and "Howbout," VICTOR WRIGHT, also known as "Vincent Taylor" and "Vicky Vale," NICOLE BROWN, also known as "Nicole Lawe," "Nicole Lowe" and "Nicole Spooner," IRVING LORENZO, also known as "Irv Gotti," CHRISOPHER LORENZO, also known as "Chris Gotti," MI RECORDS, INC. ("MI RECORDS"), IG RECORDS, INC. ("IG RECORDS"), RONALD ROBINSON, also known as "Gutta" and "Peoples," CYNTHIA BRENT, also known as "Cynthia Carr," and VASH-TI PAYLOR, together with others, were members and associates of a criminal organization, referred to in this Superseding Indictment as the "McGriff Enterprise" or the "enterprise," whose members and associates engaged in acts of murder, narcotics trafficking and money laundering. The McGriff Enterprise operated in Queens, New York, Baltimore, Maryland and elsewhere.

2. The McGriff Enterprise, including its leadership, membership and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a

2

'group of individuals associated in fact.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.   The enterprise engaged in, and its activities affected, interstate commerce.

The Purposes of the Enterprise

3.    The principal objective of the McGriff Enterprise was to generate money for its members and associates through their commission of crimes, including murder, conspiracy to murder, narcotics sales and money laundering.  The members and associates of the McGriff Enterprise also furthered the enterprise's criminal activities by intimidating and threatening to use physical violence against others to dissuade them from cooperating with law enforcement.

The Defendants

4.    The defendant KENNETH MCGRIFF was the leader of the McGriff Enterprise. He oversaw the enterprise's narcotics trafficking and money laundering operations.

5.    In or about 2000, MCGRIFF was one of the executive producers of a film entitled "Crime Partners."  MCGRIFF invested proceeds of the McGriff Enterprise's narcotics trade into the film.  Two companies were formed to conduct business associated with the "Crime Partners" film and its soundtrack, Picture Perfect Films, Inc. ("Picture Perfect Films") and Picture Perfect

3

Entertainment, Inc. ("Picture Perfect Entertainment"). MCGRIFF secretly controlled both companies, which listed other individuals as corporate officers. In fact, the corporate officers were nominees for MCGRIFF and the McGriff Enterprise.

6.     The defendants DENNIS CROSBY, also known as "Divine" and "Howbout," VICTOR WRIGHT, also known as "Vincent Taylor" and "Vicky Vale," NICOLE BROWN, also known as "Nicole Lawe," "Nicole Lowe" and "Nicole Spooner," IRVING LORENZO, also known as "Irv Gotti," CHRISOPHER LORENZO, also known as "Chris Gotti," RONALD ROBINSON, also known as "Gutta" and "Peoples," CYNTHIA BRENT, also known as "Cynthia Carr," and VASH-TI PAYLOR were associates of the McGriff Enterprise who participated in unlawful activities in furtherance of the conduct of the enterprise's affairs.

7.     The defendant IRVING LORENZO, also known as "Irv Gotti," was an executive in the recording industry. Among other things, he was the president and sole shareholder of the defendants MI RECORDS and IG RECORDS (collectively the "Companies"). IRVING LORENZO managed and supervised the operations of the Companies and made the major decisions regarding their finances.

8.     In or about 1999 and thereafter, IRVING LORENZO and IG RECORDS entered into agreements with another company whose identity is known to the Grand Jury (the "Other Company"), to

4

form a joint venture named MI Records, LLC (the "Joint Venture"), which, until 2004, commonly did business under the name "Murder, Inc.," with offices located at 825 8th Avenue, New York, New York. In or about 2004, the Joint Venture began doing business under the name "The Inc.," and moved its offices to 440 9th Avenue, New York, New York. The Joint Venture was a record company specializing in rap music. IRVING LORENZO was the President of the Joint Venture and the defendant CHRISTOPHER LORENZO, also known as "Chris Gotti," was the Vice President. Together, IRVING and CHRISTOPHER LORENZO made the major decisions regarding the Joint Venture's finances.

9.   The defendant RONALD ROBINSON, also known as "Gutta" and "Peoples," was a manager of one of the Joint Venture's music artists.

10.   The defendant CYNTHIA BRENT, also known as "Cynthia Carr," performed bookkeeping services for IRVING LORENZO, the Joint Venture, IG RECORDS and MI RECORDS. Acting on behalf of IRVING LORENZO and others, BRENT structured financial transactions to evade reporting requirements in IRVING LORENZO'S personal bank accounts and other bank accounts. At the direction of IRVING LORENZO, BRENT prepared checks that were issued on MCGRIFF'S behalf from the account of MI RECORDS. BRENT also deposited and directed others to deposit cash proceeds of the

5

McGriff Enterprise into bank accounts under the control of IRVING
and CHRISTOPHER LORENZO.

Means and Methods of the Enterprise

11.   Among the means and methods by which the members
and associates of the McGriff Enterprise conducted and
participated in the affairs of the enterprise were the following:

a.   Engaging in acts of narcotics trafficking
including the transportation and sale of cocaine base, cocaine
and heroin in New York, Maryland and elsewhere;

b.   Laundering the proceeds of the enterprise's
narcotics trafficking through businesses in the music and film
industry, including Picture Perfect Entertainment, Picture
Perfect Films, IG RECORDS and MI RECORDS; and

c.   Committing, attempting to commit and
threatening to commit acts of violence, including murder.

12.   IRVING and CHRISTOPHER LORENZO, together with
others, used the Joint Venture, in part, as a vehicle to launder
the McGriff Enterprise's illegal narcotics proceeds.   MCGRIFF and
associates of the McGriff Enterprise delivered narcotics and
other illegal proceeds to CHRISTOPHER LORENZO, IRVING LORENZO and
RONALD ROBINSON at the offices of the Joint Venture and
elsewhere.   In exchange, among other things:

6

a.     IRVING LORENZO caused checks totaling approximately $281,000 to be issued from his own bank account and that of MI RECORDS to various entities for McGriff's benefit.

b.     IRVING LORENZO used his position as President of the Joint Venture to persuade the Other Company to enter into a contract with Picture Perfect Entertainment relating to the soundtrack for the "Crime Partners" film. Under the terms of the contract, the Other Company agreed to pay a total of $1 million for the "Crime Partners" soundtrack, including $500,000 up front and $500,000 upon the release of the soundtrack. In order to induce the Other Company to enter into this contract, IRVING LORENZO personally guaranteed that the Other Company would not lose more than $500,000 on this transaction.

c.     IRVING and CHRISTOPHER LORENZO caused the Joint Venture to submit to the Other Company tens of thousands of dollars in travel and hotel expenses incurred by MCGRIFF, which expenses were then paid by the Other Company.

d.     IRVING and CHRISTOPHER LORENZO caused the Other Company to provide MCGRIFF with a two-way, text-messaging pager, which MCGRIFF used to communicate with McGriff Enterprise associates.

7

The Currency Reporting Regulations

13.  At all times relevant to this Superseding
Indictment, the currency reporting requirements provided as
follows:

a.  Transactions in currency were defined as
transactions involving the physical transfer of money, as defined
in Title 31, Code of Federal Regulations, Section 103.11(ii).

b.  Domestic financial institutions were required
to file a Currency Transaction Report (IRS Form 4789, hereinafter
referred to as a "CTR") with the Internal Revenue Service ("IRS")
for each transaction of currency or other payment or transfer by,
through or to a financial institution, in excess of $10,000, as
required by Title 31, United States Code, Section 5313 and Title
31, Code of Federal Regulations, Section 103.22.

c.  CTRs were filed with the IRS on forms that
required, among other things, disclosure of the identity of the
individual who conducted the transaction and the individual or
organization for whom the transaction was completed.

d.  CTRs were required to be filed to assist the
United States in criminal, tax and regulatory investigations and
proceedings, as stated in Title 31, Code of Federal Regulations,
Section 103.20.

e.  "Structuring" financial transactions meant
the breaking down of amounts of currency into amounts of $10,000

8

## RACKETEERING ACT ONE
(Conspiracy to Distribute Cocaine,
Cocaine Base and Heroin)

16.   In or about and between January 1997 and December

30, 2003, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendants

KENNETH MCGRIFF, DENNIS CROSBY and VICTOR WRIGHT, together with

others, did knowingly and intentionally conspire to distribute

and possess with intent to distribute one or more controlled

substances, which offense involved (a) 50 grams or more of a

substance containing cocaine base, a Schedule II controlled

substance, (b) five kilograms or more of a substance containing

cocaine, a Schedule II controlled substance, and (c) one kilogram

or more of a substance containing heroin, a Schedule I controlled

substance, all in violation of Title 21, United States Code,

Sections 841(a)(1) and 846.

## RACKETEERING ACT TWO
(Possession with Intent to Distribute
Cocaine - North Carolina)

17.   On or about April 6, 2001, within the Eastern

District of North Carolina and elsewhere, the defendants KENNETH

MCGRIFF and VICTOR WRIGHT, together with others, did knowingly

and intentionally possess with intent to distribute a controlled

substance, which offense involved 500 grams or more of a

substance containing cocaine, a Schedule II controlled substance,

10

or less prior to transacting business with one or more domestic financial institutions or businesses in an attempt to evade currency reporting requirements, as defined in Title 31, Code of Federal Regulations, Section 103.11(gg).

## COUNT ONE
### (Racketeering)

14.   The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

15.   In or about and between January 1997 and December 2002, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KENNETH MCGRIFF, also known as "Supreme," "Preme," "Rick Coleman," "Kevin Long," "John Simms" and "Lee Tuten," DENNIS CROSBY, also known as "Divine" and "Howbout," and VICTOR WRIGHT, also known as "Vincent Taylor" and "Vicky Vale," together with others, being persons employed by and associated with the McGriff Enterprise, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

9

in violation of Title 21, United States Code, Section 841(a)(1)

and Title 18, United States Code, Section 2.

## RACKETEERING ACT THREE
(The Maryland Stash House)

18.    The defendant KENNETH MCGRIFF committed the

following acts, either one of which constitutes Racketeering Act

Three:

### A.    Distribution and Possession with Intent to Distribute Cocaine Base, Cocaine and Heroin

19.    In or about and between June 2001 and August 24,

2001, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendants

KENNETH MCGRIFF, DENNIS CROSBY and VICTOR WRIGHT, together with

others, did knowingly and intentionally conspire to distribute

and possess with intent to distribute one or more controlled

substances, which offense involved (a) 50 grams or more of a

substance containing cocaine base, a Schedule II controlled

substance, (b) 500 grams or more of a substance containing

cocaine, a Schedule II controlled substance, and (c) a substance

containing heroin, a Schedule I controlled substance, all in

violation of Title 21, United States Code, Sections 841(a)(1) and

846.

### B.    Conspiracy to Maintain a Stash House

20.    In or about and between June 2001 and August 24,

2001, both dates being approximate and inclusive, within the

11

Eastern District of New York, the District of Maryland and
elsewhere, the defendant KENNETH MCGRIFF, together with others,
did knowingly and intentionally conspire to maintain a place, to
wit: 4314 Flint Hill Drive, Apartment 201, Owings Mills,
Maryland, for the purpose of manufacturing, storing, distributing
and using one or more controlled substances, to wit: (a) 50 grams
or more of a substance containing cocaine base, a Schedule II
controlled substance, (b) 500 grams or more of a substance
containing cocaine, a Schedule II controlled substance, and (c) a
substance containing heroin, a Schedule I controlled substance,
all in violation of Title 21, United States Code, Sections 846
and 856(a)(1).

RACKETEERING ACT FOUR

(Murder of Eric Smith, also known as "E. Money Bags")

21.  The defendants KENNETH MCGRIFF and DENNIS CROSBY
committed the following acts, either one of which constitutes
Racketeering Act Four:

A.   Conspiracy to Commit Murder

22.  On or about and between December 11, 1999 and July
16, 2001, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants
KENNETH MCGRIFF and DENNIS CROSBY, together with others, did
knowingly and intentionally conspire to cause the death of Eric
Smith, also known as "E. Money Bags," in violation of New York
Penal Law Sections 125.25(1) and 105.15.

12

B. Murder

23. On or about July 16, 2001, within the Eastern
District of New York, the defendants KENNETH MCGRIFF and DENNIS
CROSBY, together with others, with intent to cause the death of
Eric Smith, also known as "E. Money Bags," caused his death, in
violation of New York Penal Law Sections 125.25(1) and 20.00.

RACKETEERING ACT FIVE
(Murders of Karon Clarrett, also known
as "Buddha," and Dwayne Thomas)

24. The defendant VICTOR WRIGHT committed the
following acts, either one of which constitutes Racketeering Act
Five:

A. Conspiracy to Commit Murder

25. On or about August 20, 2001, within the District
of Maryland and elsewhere, the defendant VICTOR WRIGHT, together
with others, did knowingly, willfully and deliberately conspire
to murder Karon Clarrett, also known as "Buddha," in violation of
Maryland Code, Sections 2-201(a)(1) and 1-202 of the Criminal Law
Article.

B. Murder of Karon Clarrett

26. On or about August 20, 2001, within the District
of Maryland, the defendant VICTOR WRIGHT, together with others,
knowingly, willfully, deliberately and with premeditation killed
Karon Clarrett, also known as "Buddha," in violation of Maryland
Code, Section 2-201(a)(1) of the Criminal Law Article.

13

C.    Obstruction of Justice Murder of Karon Clarrett

27.   On or about August 20, 2001, within the District
of Maryland, the defendant VICTOR WRIGHT, together with others,
did knowingly and intentionally kill another person, to wit:
Karon Clarrett, also known as "Buddha," with intent to prevent
the communication by such person to a law enforcement officer of
information relating to the commission and possible commission of
federal offenses, including the acts set forth in paragraphs 16
through 20 of Count One, as Racketeering Acts One through Three,
and Counts Two and Thirteen through Twenty, in violation of Title
18, United States Code, Sections 1512(a)(1)(C) and 2.

D.    Murder of Dwayne Thomas

28.   On or about August 20, 2001, within the District
of Maryland, the defendant VICTOR WRIGHT, together with others,
knowingly, willfully, deliberately and with premeditation killed
Dwayne Thomas, in violation of Maryland Code, Section 2-201(a)(1)
of the Criminal Law Article.

E.    Obstruction of Justice Murder of Dwayne Thomas

29.   On or about August 20, 2001, within the District
of Maryland, the defendant VICTOR WRIGHT, together with others,
did knowingly and intentionally kill another person, to wit:
Dwayne Thomas, with intent to prevent the communication by such
person to a law enforcement officer of information relating to
the commission and possible commission of federal offenses,

14

including the acts set forth in paragraphs 24 through 27 of Count
One, as Racketeering Acts Five (A) through Five (C), and Counts
Six through Nine, in violation of Title 18, United States Code,
Sections 1512(a)(1)(C) and 2.

## RACKETEERING ACT SIX
(Money Laundering Conspiracy)

30.   In or about and between January 1997 and December
30, 2003, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant KENNETH
MCGRIFF, together with others, did knowingly and intentionally
conspire to conduct financial transactions in and affecting
interstate commerce, which in fact involved the proceeds of
specified unlawful activity, to wit: narcotics trafficking,
knowing that the money involved in the financial transactions
represented the proceeds of some form of unlawful activity, (a)
with the intent to promote the carrying on of the specified
unlawful activity, in violation of Title 18, United States Code,
Section 1956(a)(1)(A)(i), and (b) knowing that the transactions
were designed in whole and in part to conceal and disguise the
nature, the location, the source, the ownership and the control
of the proceeds of the specified unlawful activity, in violation
of Title 18, United States Code, Section 1956(a)(1)(B)(i), all in
violation of Title 18, United States Code, Section 1956(h).

(Title 18, United States Code, Sections 1962(c), 1963
and 3551 et seq.)

15

## COUNT TWO
(Racketeering Conspiracy)

31. The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

32. In or about and between January 1997 and December 30, 2003, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KENNETH MCGRIFF, also known as "Supreme," "Preme," "Rick Coleman," "Kevin Long," "John Simms" and "Lee Tuten," DENNIS CROSBY, also known as "Divine" and "Howbout," and VICTOR WRIGHT, also known as "Vincent Taylor" and "Vicky Vale," together with others, being persons associated with the McGriff Enterprise, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and (5).

33. The pattern of racketeering activity through which the defendants agreed to conduct the affairs of the McGriff Enterprise consisted of the acts set forth in paragraphs 16 through 30 of Count One, as Racketeering Acts One through Six, which are realleged and incorporated as if fully set forth in

16

this paragraph.  Each defendant agreed that a conspirator would

commit at least two racketeering acts in the conduct of the

affairs of the enterprise.

(Title 18, United States Code, Sections 1962(d), 1963

and 3551 et seq.)

COUNT THREE
(Conspiracy to Murder Eric Smith,
also known as "E. Money Bags")

34.  At all times relevant to this Superseding

Indictment, the McGriff Enterprise, as more fully described in

paragraphs 1 through 13, which are realleged and incorporated as

if fully set forth in this paragraph, constituted an enterprise

as defined in Title 18, United States Code, Section 1959(b)(2),

that is, a group of individuals associated in fact that was

engaged in, and the activities of which affected, interstate and

foreign commerce.

35.  The above-described enterprise, through its

members and associates, engaged in racketeering activity as

defined in Title 18, United States Code, Sections 1959(b)(1) and

1961(1), namely, acts involving narcotics trafficking, money

laundering and murder.

36.  On or about and between December 11, 1999 and July

16, 2001, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, as consideration for

the receipt of, and as consideration for a promise and an

17

agreement to pay a thing of pecuniary value from the McGriff
Enterprise, and for the purpose of gaining entrance to and
maintaining and increasing position in the McGriff Enterprise, an
enterprise that engaged in racketeering activity, the defendants
KENNETH MCGRIFF, also known as "Supreme," "Preme," "Rick
Coleman," "Kevin Long," "John Simms" and "Lee Tuten," DENNIS
CROSBY, also known as "Divine" and "Howbout," and NICOLE BROWN,
also known as "Nicole Lawe," "Nicole Lowe" and "Nicole Spooner,"
together with others, did knowingly and intentionally conspire to
cause the death of Eric Smith, also known as "E. Money Bags," in
violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and
3551 et seq.)

## COUNT FOUR
(Murder of Eric Smith,
also known as "E. Money Bags")

37.   At all times relevant to this Superseding
Indictment, the McGriff Enterprise, as more fully described in
paragraphs 1 through 13, which are realleged and incorporated as
if fully set forth in this paragraph, constituted an enterprise
as defined in Title 18, United States Code, Section 1959(b)(2),
that is, a group of individuals associated in fact that engaged
in, and the activities of which affected, interstate and foreign
commerce.

18

38.   The above-described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving narcotics trafficking, money laundering and murder.

39.   On or about July 16, 2001, within the Eastern District of New York and elsewhere, as consideration for the receipt of, and as consideration for a promise and an agreement to pay a thing of pecuniary value from the McGriff Enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the McGriff Enterprise, an enterprise that engaged in racketeering activity, the defendants KENNETH MCGRIFF, also known as "Supreme," "Preme," "Rick Coleman," "Kevin Long," "John Simms" and "Lee Tuten," DENNIS CROSBY, also known as "Divine" and "Howbout," and NICOLE BROWN, also known as "Nicole Lawe," "Nicole Lowe" and "Nicole Spooner," together with others, with intent to cause the death of Eric Smith, also known as "E. Money Bags," caused his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT FIVE
(Use and Discharge of Firearm)

40.   On or about July 16, 2001, within the Eastern District of New York and elsewhere, the defendants KENNETH

19

MCGRIFF, also known as "Supreme," "Preme," "Rick Coleman," "Kevin Long," "John Simms" and "Lee Tuten," DENNIS CROSBY, also known as "Divine" and "Howbout," and NICOLE BROWN, also known as "Nicole Lawe," "Nicole Lowe" and "Nicole Spooner," together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crimes charged in Counts Three and Four, and did knowingly and intentionally possess a firearm in furtherance of such crimes of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT SIX
### (Conspiracy to Murder Karon Clarrett, also known as "Buddha")

41. At all times relevant to this Superseding Indictment, the McGriff Enterprise, as more fully described in paragraphs 1 through 13, which are realleged and incorporated as if fully set forth in this paragraph, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce.

42. The above-described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and

20

1961(1), namely, acts involving narcotics trafficking, money laundering and murder.

43. On or about August 20, 2001, within the District of Maryland and elsewhere, as consideration for the receipt of, and as consideration for a promise and an agreement to pay a thing of pecuniary value from the McGriff Enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the McGriff Enterprise, an enterprise that engaged in racketeering activity, the defendant VICTOR WRIGHT, also known as "Vincent Taylor" and "Vicky Vale," together with others, did knowingly, willfully and deliberately conspire to murder Karon Clarrett, also known as "Buddha," in violation of Maryland Code, Sections 2-201(a)(1) and 1-202 of the Criminal Law Article.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT SEVEN
### (Murder of Karon Clarrett, also known as "Buddha")

44. At all times relevant to this Superseding Indictment, the McGriff Enterprise, as more fully described in paragraphs 1 through 13, which are realleged and incorporated as if fully set forth in this paragraph, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engaged

21

in, and the activities of which affected, interstate and foreign commerce.

45. The above-described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving narcotics trafficking, money laundering and murder.

46. On or about August 20, 2001, within the District of Maryland and elsewhere, as consideration for the receipt of, and as consideration for a promise and an agreement to pay a thing of pecuniary value from the McGriff Enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the McGriff Enterprise, an enterprise that engaged in racketeering activity, the defendant VICTOR WRIGHT, also known as "Vincent Taylor" and "Vicky Vale," together with others, knowingly, willfully, deliberately and with premeditation killed Karon Clarrett, also known as "Buddha," in violation of Maryland Code, Section 2-201(a)(1) of the Criminal Law Article.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT EIGHT
(Obstruction of Justice Murder of
Karon Clarrett, also known as "Buddha")

47. On or about August 20, 2001, within the District of Maryland and elsewhere, the defendant VICTOR WRIGHT, also

22

known as "Vincent Taylor" and "Vicky Vale," together with others,
did knowingly and intentionally kill another person, to wit:
Karon Clarrett, also known as "Buddha," with intent to prevent
the communication by such person to a law enforcement officer of
the United States of information relating to the commission and
possible commission of federal offenses, including the acts set
forth in paragraphs 16 through 20 of Count One, as Racketeering
Acts One through Three, and Counts Two and Thirteen through
Twenty.

(Title 18, United States Code, Sections 1512(a)(1)(C),
1512(a)(3)(A), 2 and 3551 et seq.)

## COUNT NINE
(Use and Discharge of Firearm)

48. On or about August 20, 2001, within the District
of Maryland and elsewhere, the defendant VICTOR WRIGHT, also
known as "Vincent Taylor" and "Vicky Vale," together with others,
did knowingly and intentionally use and carry a firearm during
and in relation to one or more crimes of violence, to wit: the
crimes charged in Counts Six through Eight, and did knowingly and
intentionally possess a firearm in furtherance of such crimes of
violence.

(Title 18, United States Code, Sections
924(c)(1)(A)(iii), 2 and 3551 et seq.)

23

## COUNT TEN
(Murder of Dwayne Thomas)

49.   At all times relevant to this Superseding
Indictment, the McGriff Enterprise, as more fully described in
paragraphs 1 through 13, which are realleged and incorporated as
if fully set forth in this paragraph, constituted an enterprise
as defined in Title 18, United States Code, Section 1959(b)(2),
that is, a group of individuals associated in fact that engaged
in, and the activities of which affected, interstate and foreign
commerce.

50.   The above-described enterprise, through its
members and associates, engaged in racketeering activity as
defined in Title 18, United States Code, Sections 1959(b)(1) and
1961(1), namely, acts involving narcotics trafficking, money
laundering and murder.

51.   On or about August 20, 2001, within the District
of Maryland and elsewhere, as consideration for the receipt of,
and as consideration for a promise and an agreement to pay a
thing of pecuniary value from the McGriff Enterprise, and for the
purpose of gaining entrance to and maintaining and increasing
position in the McGriff Enterprise, an enterprise that engaged in
racketeering activity, the defendant VICTOR WRIGHT, also known as
"Vincent Taylor" and "Vicky Vale," together with others,
knowingly, willfully, deliberately and with premeditation killed

24

Dwayne Thomas, in violation of Maryland Code, Section 2-201(a)(1) of the Criminal Law Article.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT ELEVEN
(Obstruction of Justice
Murder of Dwayne Thomas)

52.   On or about August 20, 2001, within the District of Maryland and elsewhere, the defendant VICTOR WRIGHT, also known as "Vincent Taylor" and "Vicky Vale," together with others, did knowingly and intentionally kill another person, to wit: Dwayne Thomas, with intent to prevent the communication by such person to a law enforcement officer of the United States of information relating to the commission and possible commission of federal offenses, including the acts set forth in paragraphs 24 through 27 of Count One, as Racketeering Acts Five (A) through Five (C), and Counts Six through Nine.

(Title 18, United States Code, Sections 1512(a)(1)(C), 1512(a)(3)(A), 2 and 3551 et seq.)

## COUNT TWELVE
(Use and Discharge of Firearm)

53.   On or about August 20, 2001, within the District of Maryland and elsewhere, the defendant VICTOR WRIGHT, also known as "Vincent Taylor" and "Vicky Vale," together with others, did knowingly and intentionally use and carry a firearm during and in relation to one or more crimes of violence, to wit: the

25

crimes charged in Counts Ten and Eleven, and did knowingly and intentionally possess a firearm in furtherance of such crimes of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT THIRTEEN
(Continuing Criminal Enterprise)

54.   In or about and between January 1997 and December 30, 2003, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KENNETH MCGRIFF, also known as "Supreme," "Preme," "Rick Coleman," "Kevin Long," "John Simms" and "Lee Tuten," together with others, did knowingly and intentionally engage in a continuing criminal enterprise, in that he committed violations of Title 21, United States Code, Sections 841(a)(1) and 846, which were part of a continuing series of violations of those statutes undertaken by defendant MCGRIFF in concert with five or more other persons, with respect to whom defendant MCGRIFF occupied a position of organizer, supervisor and manager, and from which continuing series of violations defendant MCGRIFF obtained substantial income and resources.  The continuing series of violations, as defined by Title 21, United States Code, Section 848(c),

26

consisted of the acts set forth in paragraphs 16 through 20 of Count One, as Racketeering Acts One through Three.

(Title 21, United States Code, Sections 848(a) and 848(c); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FOURTEEN
(Conspiracy to Distribute Cocaine, Cocaine Base and Heroin)

55.    In or about and between January 1997 and December 30, 2003, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KENNETH MCGRIFF, also known as "Supreme," "Preme," "Rick Coleman," "Kevin Long," "John Simms" and "Lee Tuten," DENNIS CROSBY, also known as "Divine" and "Howbout," VICTOR WRIGHT, also known as "Vincent Taylor" and "Vicky Vale," and VASH-TI PAYLOR, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) 50 grams or more of a substance containing cocaine base, a Schedule II controlled substance, (b) five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, and (c) one kilogram or more of a substance containing heroin, a Schedule

I controlled substance, all in violation of Title 21, United
States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846,
841(b)(1)(A)(i), 841(b)(1)(A)(ii)(II) and 841(b)(1)(A)(iii);
Title 18, United States Code, Sections 3551 et seq.)

## COUNT FIFTEEN
(Possession with Intent to Distribute
Cocaine — North Carolina)

56.   On or about April 6, 2001, within the Eastern
District of North Carolina and elsewhere, the defendants KENNETH
MCGRIFF, also known as "Supreme," "Preme," "Rick Coleman," "Kevin
Long," "John Simms" and "Lee Tuten," and VICTOR WRIGHT, also
known as "Vincent Taylor" and "Vicky Vale," together with others,
did knowingly and intentionally possess with intent to distribute
a controlled substance, which offense involved 500 grams or more
of a substance containing cocaine, a Schedule II controlled
substance.

(Title 21, United States Code, Sections 841(a)(1) and
841(b)(1)(B)(ii)(II); Title 18, United States Code, Sections 2
and 3551 et seq.)

## COUNT SIXTEEN
(Possession with Intent to Distribute
Cocaine, Cocaine Base and Heroin - Maryland)

57.   In or about and between June 2001 and August 24,
2001, both dates being approximate and inclusive, within the
District of Maryland and elsewhere, the defendants KENNETH

28

MCGRIFF, also known as "Supreme," "Preme," "Rick Coleman," "Kevin Long," "John Simms" and "Lee Tuten," and VASH-TI PAYLOR, together with others, did knowingly and intentionally distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) 50 grams or more of a substance containing cocaine base, a Schedule II controlled substance, (b) 500 grams or more of a substance containing cocaine, a Schedule II controlled substance, and (c) a substance containing heroin, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(iii), 841(b)(1)(B)(ii)(II) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

### COUNT SEVENTEEN
(Conspiracy to Maintain the Maryland Stash House)

58.    In or about and between June 2001 and August 24, 2001, both dates being approximate and inclusive, within the Eastern District of New York, the District of Maryland and elsewhere, the defendants KENNETH MCGRIFF, also known as "Supreme," "Preme," "Rick Coleman," "Kevin Long," "John Simms" and "Lee Tuten," and VASH-TI PAYLOR, together with others, did knowingly and intentionally conspire to maintain a place, to wit: 4314 Flint Hill Drive, Apartment 201, Owings Mills, Maryland, for the purpose of manufacturing, storing, distributing and using one or more controlled substances, to wit: (a) 50 grams or more of a substance containing cocaine base, a Schedule II controlled

29

substance, (b) 500 grams or more of a substance containing cocaine, a Schedule II controlled substance, and (c) a substance containing heroin, a Schedule I controlled substance, all in violation of Title 21, United States Code, Section 856(a)(1).

(Title 21, United States Code, Sections 846 and 856(b); Title 18, United States Code, Sections 3551 et seq.)

## COUNT EIGHTEEN
(Use and Discharge of Firearm)

59. In or about and between January 1997 and December 2002, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KENNETH MCGRIFF, also known as "Supreme," "Preme," "Rick Coleman," "Kevin Long," "John Simms" and "Lee Tuten," DENNIS CROSBY, also known as "Divine" and "Howbout," VICTOR WRIGHT, also known as "Vincent Taylor" and "Vicky Vale," and VASH-TI PAYLOR, together with others, did knowingly and intentionally use and carry a firearm during and in relation to one or more drug trafficking crimes, to wit: the crimes charged in Counts One (Racketeering Acts One through Three), Two, and Thirteen through Seventeen, and did knowingly and intentionally possess a firearm in furtherance of such drug trafficking crimes.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 2 and 3551 et seq.)

30

## COUNT NINETEEN
{Money Laundering Conspiracy}

60. In or about and between January 1997 and December
2002, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants
KENNETH MCGRIFF, also known as "Supreme," "Preme," "Rick
Coleman," "Kevin Long," "John Simms" and "Lee Tuten," IRVING
LORENZO, also known as "Irv Gotti," CHRISTOPHER LORENZO, also
known as "Chris Gotti," MI RECORDS, INC., IG RECORDS, INC.,
RONALD ROBINSON, also known as "Gutta" and "Peoples," and CYNTHIA
BRENT, also known as "Cynthia Carr," together with others, did
knowingly and intentionally conspire to conduct financial
transactions in and affecting interstate commerce, which in fact
involved the proceeds of specified unlawful activity, to wit:
narcotics trafficking, knowing that the money involved in the
financial transactions represented the proceeds of some form of
unlawful activity, (a) with the intent to promote the carrying on
of the specified unlawful activity in violation of Title 18,
United States Code, Section 1956(a)(1)(A)(i), and (b) knowing
that the transactions were designed in whole and in part to
conceal and disguise the nature, the location, the source, the
ownership and the control of the proceeds of the specified

31

unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT TWENTY
(Money Laundering)

61.    In or about and between January 1997 and December 30, 2003, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KENNETH MCGRIFF, also known as "Supreme," "Preme," "Rick Coleman," "Kevin Long," "John Simms" and "Lee Tuten," IRVING LORENZO, also known as "Irv Gotti," CHRISTOPHER LORENZO, also known as "Chris Gotti," MI RECORDS, INC., IG RECORDS, INC., RONALD ROBINSON, also known as "Gutta" and "Peoples," and CYNTHIA BRENT, also known as "Cynthia Carr," together with others, did knowingly and intentionally conduct financial transactions in and affecting interstate commerce, which in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, knowing that the money involved in the financial transactions represented the proceeds of some form of unlawful activity, (a) with the intent to promote the carrying on of the specified unlawful activity, and (b) knowing that the transactions were designed in whole and in part to conceal and

32

disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity.

(Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq.)

## COUNT TWENTY-ONE
(Structuring Cash Deposits)

62.  The allegations contained in paragraphs 13(a) through 13(e) are realleged and incorporated as if fully set forth in this paragraph.

63.  In or about and between October 2000 and September 2001, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants IRVING LORENZO, also known as "Irv Gotti," and CYNTHIA BRENT, also known as "Cynthia Carr," for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and the regulations prescribed thereunder, and as part of a pattern of illegal activity involving more than $100,000 in a 12-month period, did knowingly and intentionally structure and assist in structuring transactions with domestic financial institutions, by breaking amounts of currency in excess of $10,000 into amounts of less than $10,000.

(Title 31, United States Code, Sections 5324(a)(3) and 5324(d)(2); Title 18, United States Code, Sections 2 and 3551 et seq.)

33

## CRIMINAL FORFEITURE ALLEGATION FOR COUNTS
## THIRTEEN THROUGH SEVENTEEN

64.   The United States hereby gives notice to the

defendant KENNETH MCGRIFF, also known as "Supreme," "Preme,"

"Rick Coleman," "Kevin Long," "John Simms" and "Lee Tuten,"

charged in Counts Thirteen through Seventeen of this Superseding

Indictment, that upon his conviction of any such offense, the

government will seek forfeiture in accordance with Title 21,

United States Code, Section 853, which requires any person

convicted of such offenses to forfeit any property constituting,

or derived from, proceeds obtained, directly or indirectly, and

any property used, or intended to be used, in any manner or part,

to commit, or to facilitate the commission of, such offenses and

any of his interest in, claims against, and property or

contractual rights affording a source of control over, the

continuing criminal enterprise.

65.   If any of the above-described forfeitable

property, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due

diligence;

(b)   has been transferred or sold to, or deposited

with, a third party;

(c)   has been placed beyond the jurisdiction of the

court;

(d)   has been substantially diminished in value; or

34

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853{p}, to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Section 853{p})

## CRIMINAL FORFEITURE ALLEGATION FOR COUNTS NINETEEN AND TWENTY

66. The United States hereby gives notice to the defendants KENNETH MCGRIFF, also known as "Supreme," "Preme," "Rick Coleman," "Kevin Long," "John Simms" and "Lee Tuten," IRVING LORENZO, also known as "Irv Gotti," CHRISTOPHER LORENZO, also known as "Chris Gotti," MI RECORDS, INC., IG RECORDS, INC., RONALD ROBINSON, also known as "Gutta" and "Peoples," and CYNTHIA BRENT, also known as "Cynthia Carr," who are charged in Counts Nineteen and Twenty, that upon conviction of any such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982, of all property involved in each offense of conviction in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, and all property traceable to such property as a result of a defendants' conviction of Counts Nineteen and Twenty of this Superseding Indictment, including, but not limited to, any and all assets of MI RECORDS, INC. and IG RECORDS, INC.

35

67.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982, to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation, including, but not limited to the following:

(a)  All right, title and interest in the real property and premises located at 73-09 263th Street, Glen Oaks, NY 11004;

(b)  All right, title and interest in the real property and premises located at 27 Stone Cabin Road, New Rochelle, NY 10804;

(c)  All right, title and interest in the real property and premises located at 66 Leonard Street, Unit 2C, New York, NY 10013;

36

(d) All right, title and interest in the real property and premises located at 75-34 Bell Blvd, Unit LC, Bayside, NY 11364;

(e) All right, title and interest in the real property and premises located at 32 Pierce Drive, Stony Point, NY 10980; and

(f) All right, title and interest in the real property and premises located at 7 Saint Lawrence Avenue, Maplewood, NJ 07040.

(Title 18, United States Code, Section 982)

A TRUE BILL

_____
FOREPERSON

_____
ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

37

# UNITED STATES DISTRICT COURT

### EASTERN ___ District of___ NEW YORK_____

## THE UNITED STATES OF AMERICA

### vs.

KENNETH MOGRIFF,
    also known as "Supreme,"
    "Preme," "Rick Coleman,"
    "Kevin Long," "John
    Simms" and "Lee Tuten,"
DENNIS CROSBY,
    also known as "Divine"
    and "Howbout,"
VICTOR WRIGHT,
    also known as
    "Vincent Taylor," and
    "Vicky Vale,"
NICOLE BROWN,
    also known as "Nicole
    Lawe," "Nicole Lowe" and
    "Nicole Spooner,"

IRVING LORENZO,
    also known as "Irv Gotti,"
CHRISOPHER LORENZO,
    also known as "Chris
    Gotti,"
MI RECORDS, INC.,
IG RECORDS, INC.,
RONALD ROBINSON,
    also known as "Gutta" and
    "Peoples,"
CYNTHIA BRENT,
    also known as "Cynthia
    Carr," and
VASH-TI TAYLOR,

### Defendants.

## SUPERSEDING INDICTMENT

Cr. No. **94-966** (S-1)(ERK)
(T. 18, U.S.C., §§
526(c)(1)(A)(iii),
2522(a)(1)(C), 1512(a)(3)(A),
1956(a)(1)(A)(i),
1956(a)(1)(B)(i), 1956(h),
1959(a)(1), 1959(a)(5),
1962(c), 1962(d), 1963, 982
2 and 3551 et seq.; T. 21,

U.S.C., §§ 848(a), 848(c),
846, 841(a)(1),
841(b)(1)(A)(i),
841(b)(1)(A)(ii)(II),
841(b)(1)(A)(iii),
841(b)(1)(B)(ii)(II),
841(b)(1)(C), 853(p) and
856(b); T. 31, U.S.C., §§
5324(a)(3) and 5324(d)(2))

A true bill.

_George F. Tilerman_

Foreman

Filed in open court this_____day.

Of_____ A.D. 19_____

_____ Clerk

Bail, $_____

CAROLYN POKORNY, AUSA (718) 254-6291